O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23 / JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8955 PSG (RZx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | Emmanuel F. Fobi v. 1st National Lending Services *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order GRANTING in part and DENYING in part Defendants 1st National Lending Services' and Greenhead Investments, Inc.'s Motion to Dismiss and REMANDING Action to State Court**

Before the Court is Defendant 1st National Lending Services' and Defendant Greenhead Investments, Inc.'s motion to dismiss Plaintiff's First Amended Complaint.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS in part and DENIES in part the motion and REMANDS the action to state court.

I.     Background

On August 9, 2006, Plaintiff Emmanuel F. Fobi ("Plaintiff") obtained a mortgage loan for $649,995.00 and a revolving credit line of $180,000.00, both secured by his residence at 352 Brister Park Court, Camarillo, California 93012 (the "Property").[1]  The loan was secured by a deed of trust that identified 1st National Lending Services ("1st National") as the lender, Greenhead Investments, Inc. ("Greenhead") as the trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Plaintiff as the borrower.

On August 7, 2008, a Notice of Default was recorded on Plaintiff's loan by Quality Loan Services Corporation ("Quality") and Aurora Loan Services, LLC ("Aurora").  The Notice of Default indicates that, as of August 6, 2008, the amount in arrears on the loan was $ 23,373.22. A Notice of Trustee's Sale was recorded on December 29, 2008 and a trustee's sale occurred on

---

[1] Except as otherwise noted, the facts in this Background are taken from Plaintiff's First Amended Complaint.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23 / JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8955 PSG (RZx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | Emmanuel F. Fobi v. 1st National Lending Services *et al.* | | |

November 5, 2009.  *See RJN in Support of Defendants Aurora's and MERS's Motion to Dismiss,* Ex. E.[2]  A trustee's deed upon sale was recorded on November 11, 2009.  *See id.*

On November 6, 2009, Plaintiff filed this action *in propria persona*[3] against Defendants 1st National, Greenhead, Quality Loan Services Corporation, Aurora, and MERS.  The First Amended Complaint ("FAC") states the following claims against the following Defendants: 1) quiet title against Aurora; 2) violations of the Truth in Lending Act ("TILA") against 1st National; 3) violations of Cal. Bus. & Prof. Code § 17200 against all Defendants; 4) breach of covenant of good faith and fair dealing against 1st National and Aurora; 5) declaratory relief against all Defendants; 6) set aside the notice of default and notice of trustee's sale against all Defendants; 7) violations of Cal. Civ. Code § 2923.5 against all Defendants; 8) violation of Cal. Civ. Code § 2923.6 against all Defendants; 9) cancellation of instruments against all Defendants; 10) violation of Cal. Civ. Code § 2932.5 against all Defendants; 11) breach of contract against Aurora and 1st National; and, 12) an accounting against all Defendants.

On December 7, 2009, Defendants Aurora and MERS removed this action to this Court on federal question grounds based on Plaintiff's second cause of action for TILA violations.  On February 12, 2010, Defendants 1st National and Greenhead filed this motion to dismiss Plaintiff's FAC ("Motion").

II.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl.*

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibit E to the Request for Judicial Notice in Support of Defendant Aurora's and Defendant MERS's motion to dismiss Plaintiff's First Amended Complaint.  *See* Dkt ## 12-2, 12-3.

[3] Plaintiff represents that he is an attorney, *see Opp.* 5:11-12, and his filings indicate that he is licensed to practice law in the state of California.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8955 PSG (RZx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | Emmanuel F. Fobi v. 1st National Lending Services *et al.* | | |

*Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider a) documents that are "properly submitted as part of the complaint," b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.   Discussion

Defendants 1st National and Greenhead move the Court to dismiss all causes of action asserted against them for failure to state a claim. Defendants begin by arguing that Plaintiff's second cause of action for TILA violations, which is asserted only against 1st National, is barred by the statute of limitations. The Court agrees.

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998). A loan disclosure violation under TILA triggers two potential remedies for a borrower: rescission, *see* 15 U.S.C. § 1635, and damages, *see* 15 U.S.C. § 1640. Here, Plaintiff alleges that 1st National failed to make the requisite disclosures under TILA, including disclosures regarding Plaintiff's interest rate and its possible fluctuations. *See FAC* ¶¶ 29-62.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23 / JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8955 PSG (RZx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | Emmanuel F. Fobi v. 1st National Lending Services *et al.* | | |

Based on these allegations, Plaintiff seeks damages pursuant to 15 U.S.C. § 1640 and, arguably, appears to seek rescission. *See FAC* ¶ 62.k.

An action for damages under TILA, however, must be brought "within one year from the date of the occurrence of the violation."[4] *See* 15 U.S.C. § 1640(e). This one-year limitations period begins to run from the date of "consummation of the transaction." *See King v. State of Cal.*, 784 F.3d 910, 915 (9th Cir. 1986). Here, the statutory period began on August 9, 2006, the date Plaintiff entered into the transaction with Defendants. *See FAC* ¶ 15. Plaintiff filed this action on November 6, 2009, more than two years after the limitations period had run.

Nevertheless, Plaintiff contends that his TILA claim is not time-barred for two reasons. First, Plaintiff argues that the statute of limitations on his claim should be equitably tolled until June 2008, when he contends he discovered Defendants' failure to disclose the applicable interest rate on his loan because the rate suddenly and dramatically increased. *See Opp.* 1:3-4 ("Plaintiff's limitations period began running in June 2008.").[5] But even assuming that Plaintiff's damages claim was equitably tolled until June 2008, the one-year statutory period still expired prior to Plaintiff's filing this action in November 2009. The Court therefore rejects Plaintiff's first argument.

Second, Plaintiff appears to contend in his FAC that Defendants' alleged failure to provide notice of his right to rescind the loan agreement, as required by TILA, operates to extend the limitations period on his damages claim to three years. *See FAC* ¶¶ 39-41, 59-61. However, the authority cited by Plaintiff does not support this contention. *See FAC* ¶¶ 60-61 (citing 15 U.S.C. § 1635(g)). In fact, the statutory provision Plaintiff cites merely states: "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under [15 U.S.C. § 1640] for violations of this title . . . not relating to the right to rescind." *See* 15 U.S.C. § 1635(g). The statute says nothing to indicate that the limitations period on a claim for damages under 15 U.S.C. § 1640 is lengthened beyond the one year provided for in 15 U.S.C. § 1640(e). Nor is the Court aware of any authority for that proposition. The Court therefore rejects Plaintiff's second argument.

---

[4] Plaintiff appears to be under the mistaken impression that the statute of limitations for TILA claims is two years. *See Opp.* 9:3-8.

[5] Plaintiff's FAC makes a conclusory (and inconsistent) allegation that Plaintiff did not make this discovery "prior to one year prior to the filing of this complaint." *See FAC* ¶ 47.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23 / JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8955 PSG (RZx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | Emmanuel F. Fobi v. 1st National Lending Services *et al.* | | |

Finally, to the extent Plaintiff seeks the remedy of rescission on his TILA claim, the Court notes that the claim is barred. A borrower's right to rescind "shall expire three years after the date of the transaction or upon the sale of the property, whichever occurs first . . . ." *See* 15 U.S.C. § 1635(f). Thus, a plaintiff's rescission claim must necessarily fail when the sale of the property in question has occurred as part of a nonjudicial foreclosure proceeding. *See Distor v. U.S. Bank N.A.*, 2009 WL 3429700, at *3 (N.D. Cal. Oct. 22, 2009); *Fonua v. First Allied Funding*, 2009 WL 816291, at *2 (N.D. Cal. Mar. 27, 2009). In fact, a foreclosure sale effectively terminates a plaintiff's right to rescind, even if the sale was involuntary and occurred less than three years after the date of the initial transaction. *See* 15 U.S.C. § 1635(f); *Distor,* 2009 WL 3429700, at *3. Here, the trustee's deed upon sale indicates that Plaintiff's property was sold on November 5, 2009. *See RJN in Support of Defendants Aurora's and MERS's Motion to Dismiss,* Ex. E. That sale effectively extinguished any right Plaintiff had to assert a claim under TILA for rescission. *See Distor,* 2009 WL 3429700, at *3; *Fonua,* 2009 WL 816291, at *2.

For these reasons, and finding that amendment of Plaintiff's claim would be "futile," the Court dismisses Plaintiff's second cause of action for violations of TILA with prejudice. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1293 (9th Cir. 1983). Moreover, as that claim provided the sole basis for the Court's subject matter jurisdiction in this case, the Court remands the remainder of this action to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IV.   Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant 1st National's and Defendant Greenhead's motion to dismiss Plaintiff's First Amended Complaint. The Court DISMISSES Plaintiff's second cause of action for violations of TILA with prejudice and REMANDS the action to state court.

**IT IS SO ORDERED.**